UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARI TEMAN,

                        Plaintiff,

            -v.-

EDEN QUAINTON, *et al.*,

                        Defendants.

26 Civ. 3083 (KPF)

**NOTICE OF INITIAL PRETRIAL
CONFERENCE
IN *PRO SE* ACTION**

---

KATHERINE POLK FAILLA, District Judge:

        This case has been assigned to me for all purposes.  It is hereby
ORDERED that all parties appear for an initial pretrial conference with the
Court on **July 23, 2026** at **11:30 a.m.** in Courtroom 618 of the Thurgood
Marshall Courthouse, 40 Foley Square, New York, New York.  All pretrial
conferences must be attended by the attorney who will serve as principal trial
counsel.

        All counsel are required to register promptly as filing users on ECF.
When a filing by a *pro se* party is docketed on ECF by the Clerk's Office, the
electronic notice received by counsel constitutes service under Rule 5 of the
Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5(b); Local Civil Rule 5.2;
SDNY Electronic Case Filing Rules & Instructions 9.2.

        A *pro se* party may elect to receive service of filings electronically by
completing the Consent to Electronic Service Form, available on the Court's
website at https://nysd.uscourts.gov/node/845.  Unless such consent form
appears on the docket, the *pro se* party must be served with copies of any
document filed with the Court and to file affidavits of such service with the
Court thereafter.

        IT IS FURTHER ORDERED that by Thursday of the week prior to the
initial pretrial conference, each of the parties shall submit a letter, not to
exceed five pages, providing the following information in separate paragraphs:

   (1)   A brief statement of the nature of the action and the principal
         defenses thereto;

   (2)   A brief explanation of why jurisdiction and venue lie in this Court.
         In any action in which subject matter jurisdiction is founded on
         diversity of citizenship pursuant to Title 28, United States Code,
         Section 1332, the letter must explain the basis for the parties'

1

belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.  *See, e.g., Handelsman* v. *Bedford Vill. Assocs. L.P.,* 213 F.3d 48 (2d Cir. 2000).

(3)     A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)     A brief description of any outstanding motions;

(5)     A brief description of any discovery that has already taken place (including any discovery pursuant to S.D.N.Y. Local Rule 33.2) and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations; and

(6)     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

Pursuant to the Court's Individual Rules of Practices in Civil *Pro Se* Cases ("Individual Rules"), a copy of which is attached to this Order, all communications with the Court by a *pro se* party — including the aforementioned letter — should be mailed to the *Pro Se* Office, United States Courthouse, 500 Pearl Street, Room 205, New York, New York 10007.  No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

If this case has been settled or otherwise terminated, counsel and *pro se* plaintiff are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on ECF prior to the date of the conference.

In accordance with the Court's Individual Rules, requests for an extension or adjournment may be made only by letter and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  Unless counsel and the *pro se* party

2

are notified that the conference has been adjourned, it will be held as scheduled.

The counsel who first enters a notice of appearance is directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this Order forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel shall send a copy of this Order to that party personally.

Finally, attached to this Order is a Discovery Guide that provides a basic overview of discovery procedures and the initial pretrial conference. The Court strongly advises *pro se* plaintiffs to read the Guide in advance of conferring with the other party or parties and in advance of the initial pretrial conference. The Guide is provided only for informational purposes, and does not override or replace any orders of the Court or rules that apply to this case.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:      June 3, 2026
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3

Mail to:

Ari Teman
1521 Alton Rd. #888
Miami Beach, FL 33139

Revised:  January 3, 2025

**<u>INDIVIDUAL RULES OF PRACTICE IN CIVIL CASES</u>**
**Katherine Polk Failla, United States District Judge**

**<u>Chambers</u>**
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007
(212) 805-0290
Failla_NYSDChambers@nysd.uscourts.gov

**<u>Courtroom</u>**
40 Foley Square, Courtroom 618
Talena Noriega, Courtroom Deputy
(212) 805-0290

**<u>Pro Se Intake Office</u>**
United States District Court
Southern District of New York
500 Pearl Street, Room 205
New York, NY 10007
(212) 805-0175

1.    **Procedural Rules**

   A.    **Generally.**  The Court's procedures are governed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), and the Individual Practices set forth below. Unless otherwise ordered, these Individual Practices apply to all civil matters before Judge Failla.

   B.    **Pilot Projects and Plans.**  If a case is designated by Order of the Court to be part of one of the Court's pilot projects or plans (including the protocols set forth in Local Civil Rule 83.10), the procedures in such project or plan shall govern to the extent that they are inconsistent with these Individual Practices.

2.    **Communications with Chambers**

   A.    **ECF.**  In accordance with Local Civil Rule 1.4 and the Electronic Case Filing ("ECF") Rules and Instructions, counsel are required to register as ECF filers and to enter a notice of appearance in the case promptly on or before the attorney's first appearance in court or filing in the case.  Counsel who file(s) a case-initiating document, such as a complaint, petition, or notice of removal, need not file a separate notice of appearance. Instructions are available on the Court website, at https://nysd.uscourts.gov/electronic-case-filing.  Counsel are responsible for updating their contact

1

Revised: January 3, 2025

information on ECF as needed, and counsel remain responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity.

**B.**    **Letters.**   Except as otherwise provided below, communications with the Court should be by letter.  Letters should be filed electronically on ECF, with a courtesy copy, clearly marked as such, delivered to the Court via e-mail (Failla_NYSDChambers@ nysd.uscourts.gov).  E-mails shall state clearly in the subject line: (i) the caption of the case, including the lead party names and docket number; and (ii) a brief description of the contents of the letter.  Parties shall not include substantive communications in the body of the e-mail; such communications shall be included only in the body of the letter.  Copies of correspondence between counsel shall not be filed on ECF or otherwise sent to the Court (except as exhibits to an otherwise properly filed document).  The courtesy copy of any letter filed on ECF must be an electronic copy of the filed version of the letter and must include the automatically generated ECF header (that is, the text — e.g., "Case 1:19-cv-01234-KPF Document 100 Filed 1/1/19 Page 1 of 1" — appearing at the top of each page of a document on the ECF system).

    **i.**    **By a *Pro Se* Party.**   All communications with the Court by a *pro se* party must be sent to the Pro Se Intake Office, or filed directly on ECF if granted such permission, as discussed in Rule (2)(B)(2) below.  You may contact the Pro Se Intake Office at (212) 805-0175 during normal business hours, 8:30am - 5:00pm, Monday – Friday.  No documents or filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel should not be sent to the Court.

        **1. Consent to receive documents by e-mail.**  *Pro se* parties who want to receive service of notices and documents by e-mail instead of regular mail, should submit a completed Consent to Electronic Service form, to the Pro Se Intake Office, which is available on the court's website at: https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.  If a *pro se* party consents to receive documents electronically, they will no longer receive documents in the mail, and instead, will receive a Notice of Electronic Filing ("NEF") by e-mail each time a document is filed in their case. Electronic service does not allow a *pro se* party to electronically file their documents.

2

Revised: January 3, 2025

2. **Permission for Electronic Case Filing.** Once a Complaint has been filed, a *pro se* party who wants to electronically file their court documents, must submit a written motion that includes information regarding their ability to use a computer and what computer access they have, to the Pro Se Intake Office.  A form Motion for Permission for Electronic Case Filing is available on the court's website at: https://nysd.uscourts.gov/forms/motion-permission-electronic-case-filing-pro-se-cases. If a *pro se* party is granted permission to participate in electronic case filing, they must file their documents electronically, they will no longer receive documents in the mail, and instead, will receive a Notice of Electronic Filing ("NEF") by e-mail each time a document is filed in their case.

3. *Pro Se* **Legal Clinic.**  For interested *pro se* parties, the City Bar Justice Center (CBJC) Federal Pro Se Legal Assistance Project is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York.  The clinic, which is not part of or run by the Court, has offices at 40 Foley Square, Room LL22.  More information is available on the Court's website at: https://nysd.uscourts.gov/attorney/legal-assistance.

C. **Letter Motions.**  Letter motions may be filed via ECF if they comply with the Local Rules and the SDNY Electronic Case Filing Rules & Instructions.  All requests for adjournments, extensions, and pre-motion conferences should be filed as letter motions.  Pre-motion submissions are discussed in further detail in Rule 4(A) below. If the letter motion is not on consent, any opposing party should submit a letter setting forth its position, within three business days after the initial letter motion is received.  A courtesy copy of each letter motion must also be provided to Chambers via e-mail as outlined in Rule 2(B) above.

i. **Requests for Adjournments or Extensions of Time.**  Letter motions for adjournments or extensions of time should state: (i) the original due date; (ii) the number of previous requests for adjournment or extension of time; (iii) whether these previous requests were granted or denied; (iv) the reason for the current request; and (v) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the

Revised: January 3, 2025

requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached. If the request is for an adjournment of a court appearance, absent an emergency, the request shall be made at least 48 hours prior to the scheduled appearance.

1. **By a *Pro Se* Party.**  Requests for extensions by *pro se* parties should be submitted to the Pro Se Intake Office, and shall include the information specified in Rule 2(C)(i), except that a *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order.

ii.    **Discovery Disputes**.  The parties are to follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party seeking discovery shall promptly file on ECF a letter motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Such a letter motion must include a representation that the meet-and-confer process occurred and was unsuccessful.  If the opposing party wishes to respond to the letter, it must submit a responsive letter, not to exceed three pages, within three business days after the request is received.  Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.

D.    **Proposed Orders and Stipulations.**  All stipulations and proposed orders — including emergency applications, with or without preliminary injunctions and temporary restraining orders — should be filed electronically using the court's ECF system. Parties seeking emergency relief, including preliminary injunctions and temporary restraining orders, shall also notify Chambers by telephone immediately after filing their request for such relief on ECF.  For further information, parties are directed to consult the SDNY Electronic Case Filing Rules & Instructions, available at https://www.nysd.uscourts.gov/electronic-case-filing.

E.    **Related Cases.**  After an action has been accepted as related to a prior filing, all future court papers and correspondence must also

4

Revised: January 3, 2025

contain the docket number of the case to which it has been related.

**F.** **Cases Removed from State Court.** Counsel for the removing party or parties must, in addition to providing a copy of all process, pleadings, and papers served upon the defendants pursuant to 28 U.S.C. § 1446(a), provide the Court with a courtesy copy of any pleading filed or served while the case remained in state court. Counsel for all parties must file notices of appearance in this Court promptly upon removal.

**G.** **Urgent Communications.** Materials filed via ECF are generally reviewed within one business day of filing. If a given submission requires immediate attention, please notify Chambers by telephone after it is filed on ECF.

**H.** **Telephone Calls.** For docketing, scheduling, and calendar matters, call Chambers at (212) 805-0290. Otherwise, telephone calls to Chambers are permitted only for urgent matters.

    **i.** **By a *Pro Se* Party.** *Pro se* parties are not permitted to telephone Chambers. *Pro se* parties are directed to contact the Pro Se Intake Office at (212) 805-0175.

**I.** **Faxes.** Faxes to Chambers are not permitted.

**J.** **Hand Deliveries.** Where requested by the Court, hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse at 500 Pearl Street, New York, NY 10007, and may not be brought directly to Chambers. During business hours, however, if the hand-delivered letter is urgent and requires the Court's immediate attention, it should brought to the Court Security Officers at the Centre Street entrance of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, and the person making the delivery should ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

**3.** **Conferences**

**A.** **Attendance by Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

Revised: January 3, 2025

**B.    Initial Case Management Conference.**  With the exception of those categories of cases listed in Local Civil Rule 16.1, the Court will generally schedule a Fed. R. Civ. P. 16(c) conference to take place within three months of the filing of the Complaint.  The conference will be scheduled by means of a Notice of Initial Pretrial Conference that is filed on ECF.  Plaintiff's counsel is responsible for distributing the Notice of Initial Pretrial Conference to those parties who have not yet appeared in the case.  Pursuant to that Notice, the parties are required to file on ECF, a joint letter and Proposed Civil Case Management Plan and Scheduling Order by Thursday of the week prior to the initial pretrial conference. A courtesy copy of the joint letter and Proposed Civil Case Management Plan and Scheduling Order must also be provided to Chambers via e-mail in PDF format.

The Court schedules initial pretrial conferences with the expectation that one or more of the parties would like an opportunity to bring matters to the Court's attention, and it welcomes that opportunity.  However, the Court recognizes that in certain circumstances — as, for example, where the parties are in agreement about the proposed discovery schedule and have no issues to raise with the Court — such conferences may represent less-efficient uses of the parties' time and resources.  If the parties agree on a schedule that calls for the close of all discovery within six months, and have no other issues to raise with the Court, the parties can, if they wish, submit a Proposed Civil Case Management Plan and Scheduling Order and request in their joint letter that the initial pretrial conference be cancelled.  The Court will ordinarily grant such requests.

**C.    Participation by Junior Attorneys.**  The Court encourages the participation of less experienced attorneys in all proceedings — including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial — particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness.  The Court is amenable to permitting more than one lawyer to argue for one party if this creates an opportunity for a junior lawyer to participate.

## 4.  Motions

**A.    Pre-Motion Submissions in Civil Cases.**  Pre-motion submissions are required for motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, motions for

Revised: January 3, 2025

sanctions, and motions concerning discovery.  Motions concerning discovery are discussed in Rule 3(C) above.

To request a pre-motion conference for motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions for sanctions, the putative moving party shall file a letter motion, not to exceed three pages, describing the grounds for the proposed motion, and whether the motion is on consent of all parties.  If the motion is not on consent, any opposing party should file a letter setting forth its position, not to exceed three pages, within three business days after the request is received.  The Court will then determine whether to hold a pre-motion conference in the matter.  A courtesy copy of the letter motion and opposition must also be provided to Chambers via e-mail in accordance to Rule 2(B) above.

The submission of a pre-motion letter does not stay any future deadlines, except that submission of a pre-motion letter concerning a motion to dismiss will stay a defendant's time to answer or otherwise move with respect to the Complaint.

    i.    **By a *Pro Se* Party.**  Pre-motion submissions are not required from *pro se* parties.  If the *pro se* party's adversary files a pre-motion submission, the *pro se* party may, but is not required to, file a response to the pre-motion submission.  Any such response shall be due three business days after the pre-motion submission is received by the *pro se* party.

**B.**    **Memoranda of Law.**  The typeface, margins, spacing, and length of motion papers must conform to Local Civil Rule 7.1 (or, in the case of motions for reconsideration, Local Civil Rule 6.3 and Rule 4(C) below).  All text must be 12-point type or larger, except for text in footnotes which may be 10-point type; (2) all documents must have at least one-inch margins on all sides; (3) all text must be double-spaced, except for headings, text in footnotes, or block quotations, which may be single-spaced; (4) all memoranda of law are limited to 8,750 words, and reply briefs are limited to 3,500 words (if filed by a party who is not represented by an attorney and handwritten or prepared with a typewriter, briefs in support of and in response to a motion may not exceed 25 pages, and reply briefs may not exceed 10 pages).  Memoranda of 3,500 words or more shall contain a table of contents and a table of authorities, neither of which shall count against the word limit.  These limits also do not include the caption, any index, signature blocks, or any required

Revised: January 3, 2025

certificates, but do include material contained in footnotes or endnotes.  All appendices to memoranda of law must be indexed.  If a brief is filed by an attorney or prepared with a computer, it must include a certificate by the attorney, or party who is not represented by an attorney, that the document complies with the word-count limitations.  The person preparing the certificate may rely on the word count of the word-processing program used to prepare the document.  The certificate must state the number of words in the document.  To the extent the Court permits a party to submit briefs longer than these limits, and expresses those limits in pages, each additional page must not contain more than 350 additional words if the brief is filed by an attorney or prepared with a computer.  Sur-reply memoranda will not be accepted without prior permission of the Court.

C.  **Memoranda of Law for Motions for Reconsideration.** If filed by an attorney or prepared with a computer, briefs in support of and in response to a motion may not exceed 3,500 words, and reply briefs may not exceed 1,750 words; if filed by a party who is not represented by an attorney and handwritten or prepared with a typewriter, briefs in support of and in response to a motion may not exceed 10 pages, and reply briefs may not exceed five pages. These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes.  If a brief is filed by an attorney or prepared with a computer, the party must also provide a certificate of compliance as required by Local Civil Rule 7.1(c).  To the extent the Court permits a party to submit briefs longer than these limits, and expresses those limits in pages, each additional page must not contain more than 350 additional words if the brief is filed by an attorney or prepared with a computer.

D.  **Courtesy Copies.**  One courtesy copy of all motion papers, marked as such, shall be mailed or hand-delivered to the Court by the movant at the time the reply is served.  All courtesy copies should be double-sided, three-hole-punched, tabbed, and placed in binders.

E.  **Oral Argument on Motions.**  Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

8

Revised: January 3, 2025

F. **Preliminary Injunction Motions.**  The Court generally follows the procedure for the conduct of non-jury trials described in Rule 7(D) below.

G. **Motions to Exclude the Testimony of Experts.**  Pursuant to Rules 702-705 of the Federal Rules of Evidence and the line of cases beginning with *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), motions to exclude testimony of experts must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.

H. *Pro Se* **Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

I. **Default Judgments.**  A plaintiff seeking a default judgment must proceed by way of an Order to Show Cause pursuant to the procedure set forth in Attachment A.

5. **Special Rules for Summary Judgment Motions.**

A. **Generally Not Available in Non-Jury Cases.**  Absent good cause, the Court will not have summary judgment practice in a non-jury case.

B. **Courtesy Copy of Deposition Transcript.**  Except in *pro se* cases, the parties shall provide the Court with an electronic, text-searchable courtesy copy of any hearing or deposition transcript on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome.  Parties should provide these materials on a thumb drive only, not on a CD or DVD and not by e-mail.  Where parties rely on deposition testimony, they should not include excerpts of deposition transcripts as exhibits, but rather should include (only once) the entire deposition transcript as an exhibit.

C. **Local Rule 56.1 Statements.**  With the exception of claims brought under the Administrative Procedure Act or the Freedom of Information Act, pursuant to Local Civil Rule 56.1, a movant for summary judgment shall file a statement of material undisputed facts and the opposing party shall respond.

   i. **Electronic Copy to Other Parties.**  Except in *pro se* cases, the moving party should provide all other parties with an electronic copy, in Microsoft Word format, of the moving

9

Revised: January 3, 2025

party's Statement of Material Facts Pursuant to Local Civil Rule 56.1.

ii.   **Organization of 56.1 Statements.**  The 56.1 Statement must be organized into numbered paragraphs and each numbered paragraph must contain only one factual assertion.  Each factual assertion must be followed by a citation to the portion(s) of the evidentiary record relied upon.

Except in *pro se* cases, opposing parties must reproduce each entry in the moving party's 56.1 Statement, and set out the opposing party's response directly beneath it.  The response must state specifically what is admitted and what is disputed, and the basis for any dispute, citing specific portions of the evidentiary record relied upon.  The response may go on to make additional factual allegations in paragraphs numbered consecutively to those of the moving party (*i.e.*, they do not begin re-numbering at 1).  If additional factual allegations are made by the opposing party, the moving party must file its own responsive 56.1 Statement addressing the additional assertions.

iii.   **Multiple Parties Must Coordinate Statements.**  If multiple parties are submitting 56.1 Statements, they must coordinate their statements to provide for consecutive, non-overlapping, numbered paragraphs in their respective statements.

iv.   **Statement of Facts.**  Each memoranda of law must include a statement of facts, and may not simply incorporate by reference the entirety of a party's 56.1 Statement. For cases concerning confirmation or vacatur of arbitration awards, or disputes regarding insurance coverage, the parties shall file a joint Local Rule 56.1 Statement of Facts as well as a joint set of exhibits along with the movant's opening brief.

## 6.   Other Pretrial Guidance

A.   **Applications for a Temporary Restraining Order.**  A party must confer with his or her adversary before making an application for a temporary restraining order unless the requirements of Fed. R. Civ. P. 65(b) are met.  As soon as a party files an application to seek a temporary restraining order, he or she must call Chambers at (212) 805-0290 and state clearly whether (i) he or she has notified the

10

Revised: January 3, 2025

adversary, and whether the adversary consents to temporary injunctive relief; or (ii) the requirements of Fed. R. Civ. P. 65(b) are satisfied and no notice is necessary.  If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must call Chambers with all parties present at a time mutually agreeable to the party and its adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

B.    **Settlement Agreements.**  The Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record.  The parties may either provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

C.    **Diversity Jurisdiction Cases.**  Pursuant to Fed. R. Civ. P. 7.1, in any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, file on ECF in accordance with Rule 2(B) above, a letter no longer than three pages explaining the basis for that party's belief that diversity of citizenship exists.  In cases where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.

D.    **Bankruptcy Appeals.**   The briefing schedule and format and length specifications set forth in the applicable provisions of Federal Rules of Bankruptcy Procedure shall govern unless otherwise ordered by the Court.  Counsel may extend the default deadlines by stipulation submitted to the Court no later than two business days before the brief is due.

## 7.    Trial Procedures

A.    **Joint Pretrial Order.**  The Court will set the deadline for the submission of the Joint Pretrial Order at a conference that will follow either the close of discovery or the resolution of dispositive motions.  On the date ordered by the Court, the parties shall file

Revised: January 3, 2025

on ECF, with courtesy copy e-mailed to the Court, a proposed joint pretrial order, which shall include the following:

i.  The full caption of the action;

ii.  The names, law firms, addresses, telephone numbers, and e-mail addresses of trial counsel;

iii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

iv.  A brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies.  Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.  The summaries should not recite any evidentiary matter;

v.  A statement as to the number of trial days needed and whether the case is to be tried with or without a jury;

vi.  A joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;

vii.  A list of people, places, and institutions that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection;

viii.  Any stipulations or agreed statements of fact or law to which all parties consent;

ix.  A list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

x.  A designation by each party of deposition testimony to be offered in its case in chief and any counter-designations and objections by any other party;

xi.  A list by each party of exhibits to be offered in its case in chief, with one asterisk indicating exhibits to which no party

12

Revised: January 3, 2025

objects on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground;

**xii.** A statement of the damages claimed, and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

**xiii.** A statement of whether the parties consent to less than a unanimous verdict.

**B.    Required Pretrial Filings.**  Each party shall file and serve with the joint pretrial order:

**i.** In both jury and non-jury cases, motions addressing any evidentiary issues or other matters that should be resolved *in limine.*

**ii.** In all cases where a party believes it would be useful to the Court, a pretrial memorandum of law;

**iii.** In jury cases, requests to charge and proposed *voir dire* questions, with courtesy copies e-mailed to Chambers as both .pdf and Microsoft Word documents; or

In non-jury cases, where directed by the Court, proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits.

**C.    Filings in Opposition.**  Objections to another party's requests to charge or proposed voir dire questions, oppositions to any motion in limine, and oppositions to any legal argument in a pretrial memorandum, shall be filed within seven days after the filing of the pretrial filings, and reply papers, if any, shall be filed within four days of any opposition, or as specified in the trial scheduling order;

**D.    Additional Submissions in Non-Jury Cases.**  At the time the joint pretrial order is filed, each party shall e-mail to the Court and serve on opposing counsel, but not file on ECF, the following:

**i.** Copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct

13

Revised: January 3, 2025

testimony live at the trial.  Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  Only those witnesses who will be cross-examined need to appear at trial.  The original signed affidavits should be brought to trial to be marked as exhibits;

ii.    All deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition.  Each synopsis shall include page citations to the pertinent pages of the deposition transcripts; and

iii.   All documentary exhibits.

E.    **Courtesy Copies.**  Two courtesy copies of all documents identified in Rules 7(A), (B)(i-ii), (C), and (D) above should be mailed to Chambers or hand-delivered on the date on which they are to be served or filed.  Only one set of documentary exhibits is required.  Voluminous material may be organized either in binders or manila file folders, but in any event, the courtesy copies shall be separately arranged into two independent sets.

F.    **Trial Schedule.**  Trials will generally be conducted Monday through Friday from 9:00 a.m. to 3:00 p.m., with one short break from approximately 12:30 p.m. to 1:00 p.m.

G.    **Jury Selection.**  The jury will be selected by the struck panel method.

8.    **Trial Procedures in *Pro Se* Cases**

A.    **Generally.**  Rule 7 applies equally to cases involving a *pro se* party, with the following exceptions:

i.    **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (i) a statement of the facts the *pro se* party hopes to prove at trial; (ii) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (iii) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial. The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party.

14

Revised: January 3, 2025

The *pro se* party shall file an original of this Statement with the Pro Se Intake Office.  Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same categories of information.

**ii.** **Pretrial Filings.**  The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge but is not required to do so.  Counsel for any represented party is directed to follow Rules 7(B)-(D).

**9.** **Electronic Filing Under Seal in Civil and Miscellaneous Cases**

**A.** **Redactions Not Requiring Court Approval.**  Federal Rule of Civil Procedure 5.2 describes sensitive information that must be redacted from public court filings without seeking prior permission from the Court.  The parties are also referred to the E-Government Act of 2002 and the Southern District's ECF Privacy Policy ("Privacy Policy").  There are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution."  Parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]).  Parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

**B.** **Redactions Requiring Court Approval.** Except for redactions permitted by the previous paragraph, all redactions or sealing of public court filings require Court approval.  To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g., Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid

Revised: January 3, 2025

basis to overcome the presumption in favor of public access to judicial documents.  *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

    i.    **Procedures for Filing Documents with Redactions.**  Any party seeking to file a document with partial redactions should file on ECF a letter motion seeking leave to file the document with those redactions. The letter motion must be filed in public view, must explain the purpose of the redactions and why the redactions are consistent with the standards discussed in Rule 9(B) above, and should not include the confidential information sought to be redacted.  Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be redacted.  (If, however, the party believes that the letter motion itself should be redacted, the party should include an unredacted copy of the letter motion as an attachment to the e-mail described in Rule 9(B)(ii) below.)

        Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.  Both documents must be electronically filed on ECF and related to the motion.

    ii.    **E-mailing of Documents to Chambers**.  At the same time of filing on ECF, the party should e-mail to Chambers ([Failla_NYSDChambers@nysd.uscourts.gov](mailto:Failla_NYSDChambers@nysd.uscourts.gov)) (i) a clean (i.e., unredacted) copy of the document; (ii) a copy of the document highlighting the information that has been redacted in the ECF filing; and (iii) an unredacted copy of the letter motion described in Rule 9(B)(i), should the party also be seeking leave to file that letter motion with redactions.

  **C.**    **Procedure for Filing Sealed Documents**

    i.    **Sealing Exhibits.**  Any party seeking leave to file an unsealed or redacted document with a fully sealed exhibit attached thereto should file the main document (in accordance with the procedures above, if the party seeks to do so with redactions) on ECF, accompanied by a single page marked "SEALED" in place of any exhibit that the party seeks leave to file under seal,

Revised: January 3, 2025

regardless of the actual length of such exhibit.  The party should simultaneously file a letter motion seeking leave to file in that manner according to the procedure described in Rule 9(B)(i)-(ii) above.

**ii.** **Sealing Entire Documents.**  Any party seeking leave to file under seal an entire submission (with or without exhibits) should file on ECF a letter motion seeking leave to file the document under seal.

The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal.  Supporting papers must be separately filed electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

The proposed sealed document must be contemporaneously filed under seal on ECF and electronically related to the motion.  The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

## 10. Policy on the Use of Electronic Devices

Attorneys' use of electronic devices (including mobile telephones, personal electronic devices, computers, and printers) within the Courthouse and its environs is governed by the Court's Standing Order M10-468, available at https://nysd.uscourts.gov/sites/default/files/pdf/standing-order-electronic-devices.pdf.  If required by the Standing Order, counsel seeking to bring a device into the Courthouse shall submit a copy of the Electronic Devices General Purpose Form, available at https://nysd.uscourts.gov/forms/fillable-form-electronic-devices-general-purpose, to the Court by e-mail at least 72 hours prior to the relevant trial or hearing.  Untimely requests may be denied on that basis alone.  If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they **must** be kept turned off at all

Revised: January 3, 2025

times.  Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

**ATTACHMENT A**

**DEFAULT JUDGMENT PROCEDURE**

1.  Obtain a Certificate of Default from the Clerk's Office for each defaulting party stating that no answer or response has been filed, and in accordance with Local Civil Rule 55.1 and the SDNY Electronic Case Filing Rules & Instructions, available at https://nysd.uscourts.gov/electronic-case-filing.

2.  After the Clerk's Office enters a signed Clerk's Certificate of Default on the docket, electronically file on ECF a proposed Order to Show Cause Without Emergency Relief using the filing event of the same name, found under PROPOSED ORDERS.

    a.  The Proposed Order to Show Cause for default judgment is to be made returnable before Judge Failla in Courtroom 618.  Leave blank the date and time of the conference.  Judge Failla will set the date and time when she signs the Order.

3.  Electronically file on ECF, as separate ECF filing events, the following supporting papers with the Proposed Order to Show Cause.

    a.  An attorney's affidavit setting forth:

        i.  the basis for entering a default judgment, including a description of the method and date of service of the Summons and Complaint (include as attachments copies of all pleadings and the affidavit of service of the Summons and Complaint);

        ii.  the procedural history beyond service of the Summons and Complaint, if any; and

        iii.  whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action.

    b.  A statement setting forth the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs (unless requesting an inquest). If not requesting an inquest, include the legal authority for why an inquest into damages would be unnecessary.

    c.  A proposed default judgment.

1

Revised: January 3, 2025

4.      Once electronically filed, a courtesy copy of the Proposed Order to Show Cause and the supporting papers must also be provided to Chambers via e-mail.

5.      After the Judge signs the Order, and it is electronically filed on ECF, serve a conformed copy of the Order and supporting papers on the defendant.

6.      Prior to the return date, file an affidavit of service, reflecting that the defendant was served with the Order to Show Cause and supporting papers, via ECF.