**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARI TEMAN,
Plaintiff,

v.                                                    Civil Action No. 1:26-cv-03083-LTS

EDEN QUAINTON, JONATHAN S. GROSS,
SARAH SPITALNIK, and QUAINTON LAW,
Defendants.



**DEFENDANT JONATHAN S. GROSS'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

**PRELIMINARY STATEMENT**

Plaintiff Ari Teman, proceeding *pro se*, has filed a Complaint that fails at every level of federal pleading analysis. The Complaint consists almost entirely of threadbare recitals of legal elements, vague *"upon information and belief"* assertions, and conclusory statements wholly devoid of dates, specific facts, or any plausible connection between Defendant Jonathan S. Gross ("Gross") and any cognizable harm. It does not satisfy the standards established by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Most fundamentally, the Complaint must be dismissed under Rule 12(b)(1) for lack of subject-matter jurisdiction. It recites a bare claim of diversity jurisdiction under 28 U.S.C. § 1332 but pleads zero facts establishing the citizenship or domicile of Plaintiff or of Gross. Beyond that core deficiency, the Complaint fails to adequately allege that the amount in controversy exceeds $75,000—the jurisdictional threshold—because it contains no specific, plausible damages allegations tied to any conduct by Gross. Mere conclusory references to "millions of dollars" and "$2 million" in total fees cannot sustain the jurisdictional amount as to Gross individually.

Even if subject-matter jurisdiction were established, the Complaint fails to state a single plausible claim against Gross under Rule 12(b)(6). There is no allegation of what Gross specifically did, when he did it, how it fell below the standard of care, or how it caused Plaintiff any concrete harm. The motion should be granted in full and the Complaint dismissed with prejudice as to Gross.

ARGUMENT

## I. THE COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER RULE 12(b)(1)

### A. The Complaint Fails to Allege the Citizenship of the Parties

Federal courts are courts of limited jurisdiction. A federal court must dismiss any action over which it lacks subject-matter jurisdiction. *Fed. R. Civ. P.* 12(b)(1). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires *complete* diversity—every plaintiff must be a citizen of a different state than every defendant. It is well established that the plaintiff bears the burden of affirmatively pleading complete diversity. *In Re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 730 (2d Cir. 1993) (party asserting jurisdiction "bears the burden of showing that the case is properly before the court").

The Complaint pleads none of the required facts. Plaintiff alleges only that he "is an individual" (Compl. ¶ 7) and that Gross is "an attorney affiliated with the same firm" (Compl. ¶ 9). Neither allegation establishes citizenship or domicile. For purposes of diversity, the citizenship of an individual is determined by domicile—not residence, occupation, or professional affiliation. An allegation that a defendant is "affiliated with" a New York law firm says nothing about where that defendant is domiciled. Because the Complaint contains no jurisdictional facts regarding the parties' citizenship, this Court lacks subject-matter jurisdiction and the Complaint must be dismissed.

### B. The Complaint Fails to Adequately Allege That the Amount in Controversy Exceeds $75,000 as to Gross

Even if Plaintiff could cure the citizenship pleading deficiency, the Complaint independently fails the amount-in-controversy requirement as to Gross. Diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where, as here, the plaintiff's damages allegations are wholly conclusory and cannot plausibly be attributed to the named defendant's specific conduct, the jurisdictional threshold is not met. *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994).

> To satisfy the amount in controversy requirement, a removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]," exclusive of interest and cost. *United Food & Comm. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (internal citations omitted); 28 U.S.C. § 1332(a). Indeed, "the amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the [**6] amount-in-controversy requirement is satisfied are insufficient." *Elome v. Sva Trucking LLC*, 2021 U.S. Dist. LEXIS 188917, 2021 WL 4489456, at *1 (E.D.N.Y. Sept. 30, 2021) (internal citations and quotation marks omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273-74 (internal citations and quotation marks omitted).

*Doe v Warner*, 659 F Supp 3d 293, 296 (EDNY, 2023)

The Complaint's damages allegations—"millions of dollars" and legal fees "exceeding $2 million" (Compl. ¶¶ 61–62)—are directed at "Defendants" collectively and are entirely unmoored from any specific act or omission by Gross. The Complaint contains no allegation about what harm Gross personally caused, what legal matter he allegedly mishandled, what the value of any affected claim was, or what fees were incurred because of Gross specifically. There are no allegations that Gross specifically was retained by Teman or was paid any legal fees by Teman.

Plaintiff's naked conclusory and baseless allegation that all Defendants somehow caused him millions in damages is legally insufficient. There is nothing in the Complaint that puts the defendants on notice as to how the Plaintiff was harmed in excess of $75,000. Accordingly, the Cout lacks subject matter jurisdiction.

## II.    THE COMPLAINT FAILS TO STATE ANY CLAIM AGAINST GROSS UNDER RULE 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Complaint against Gross consists of nothing but such labels and conclusions. It contains not a single date, not a single description of a specific act by Gross, and not a single factual allegation explaining how any conduct by Gross caused Plaintiff any harm.

### A.  Legal Malpractice and Negligence Claims Fail (Counts I, II, V, XII, XVII, and XXI)

Under New York law, a legal malpractice claim requires: (1) an attorney-client relationship; (2) negligence; (3) "but for" causation; and (4) actual damages. *Hanlin v. Mitchelson*, 794 F.2d 834 (1986). Every element is absent as to Gross.

Count II alleges that Gross "breached duties through failure to supervise and failure to protect Plaintiff." (Compl. ¶ 66.) The Complaint does not allege that Gross had supervisory authority over anyone, that he owed Plaintiff any duty of supervision, that any supervisory failure by Gross (as distinct from Quainton) caused a worse outcome in any identified matter, or that any concrete damages flowed from Gross's conduct specifically. The same defects doom Counts XII, XVII, and XXI, which allege post-representation, withdrawal-related, and general malpractice, respectively. None of those counts identify what Gross did or failed to do, how any such act fell

below the standard of care, what the "but for" result would have been, or what damages resulted. Plaintiff's global damages figures are insufficient where no facts plausibly connect them to Gross.

**B. Breach of Fiduciary Duty, Fraud, and Related Claims Fail (Counts III, IV, XV, XVI, XVIII, XIX, and XX)**

All fiduciary-duty and fraud-based claims against Gross rest on the same core allegation: that Gross failed to disclose alleged "employment discussions" with the Department of Justice. (Compl. ¶¶ 51–58.) This allegation is made entirely "upon information and belief" and contains no supporting facts—no identification of when any discussions occurred, what position was allegedly discussed, what matters were affected, what the conflict was in any particular proceeding, or how Gross's alleged non-disclosure caused Plaintiff any harm distinct from the harm attributed to Quainton. Bare "upon information and belief" allegations without a supporting factual basis do not satisfy *Iqbal*. The fraud claims additionally fail because the Complaint contains no allegation of specific false representations by Gross, no facts showing Plaintiff's justifiable reliance, and no facts showing damages caused by any such reliance.

**C. Client File Claims Fail (Counts XI, XII, XIII, and XIV)**

The Complaint alleges that Plaintiff made "repeated requests" for his "complete client file" and that "Defendants" refused to provide it. (Compl. ¶¶ 30–38.) This allegation is fatally deficient as to Gross for two reasons. First, the Complaint contains no allegation that Gross—as opposed to Quainton or Quainton Law—ever personally possessed, controlled, or had access to Plaintiff's client file after his withdrawal. Second, affiliation with a law firm does not render an individual attorney personally liable for the firm's file-retention obligations. There is no allegation that shows that Gross even had access to a client file, or that Teman was a "client" of Gross at all. Nor does the Complaint allege that Plaintiff ever made a specific, individualized demand on Gross for the file. Without these allegations, no claim lies against Gross personally.

### D. Intentional and Negligent Infliction of Emotional Distress Claims Fail (Counts VII and VIII)

A claim for intentional infliction of emotional distress requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Counts VII and VIII allege in their entirety that "Defendants' conduct was extreme and outrageous" and caused "emotional harm." (Compl. ¶¶ 85–87.) Not a single act of Gross is identified. The Complaint's references to "outbursts" relate to Quainton, not Gross. Naked invocations of the legal standard, with no underlying facts, cannot sustain either claim.

### E. Aiding and Abetting and Civil Conspiracy Claims Fail (Counts IX and X)

Counts IX and X allege that Gross "knowingly participated in Quainton's breaches" and that Defendants "acted in concert to avoid liability." (Compl. ¶¶ 88–90.) These derivative claims require a viable underlying tort, which the Complaint does not adequately plead as to Gross. Because no properly pleaded tort is stated against Gross, derivative conspiracy and aiding-and-abetting claims must also fail. The Complaint's vague and conclusory assertion that Gross "knowingly participated" in unspecified wrongdoing, without any factual predicate, does not approach the plausibility threshold.

### F. The Complete Absence of Dates and Specific Facts Is Independently Fatal

The Complaint contains not a single date for any event—no date of retention, no date of the alleged privileged materials incident, no date of Gross's alleged withdrawal, no date of any representation, demand, or refusal. This wholesale absence of temporal facts makes it impossible to assess whether any claim is timely, to evaluate the plausibility of any causal connection, or to understand what Gross allegedly did and when. There is no indication that these allegations, to the extent they even apply to Gross at all, are not time barred by the statute of limitations. Without that essential information the Complaint fails to properly state a claim for relief.

### III.    LEAVE TO AMEND SHOULD BE DENIED

Although pro se complaints are generally construed liberally, leave to amend should be denied where amendment would be futile, and where the allegations are frivolous and harassing. *Baron v Complete Mgt, Inc*, 260 F App'x 399, 400 (CA 2, 2008) ("We see no abuse of discretion in the district court's ruling, in light of Baron's prior extensive, multiple pleadings that the district court accurately described as "virtually unintelligible" and "frivolous and harassing.""); *Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003) ("[L]eave to amend a complaint need not be granted when amendment would be futile."); *Owens v Shields*, 34 F App'x 33, 35 (CA 2, 2002) ("Moreover, even though we treat Owens Complaint with special leniency given his pro se status, our reading of the Complaint leads us to conclude that it is frivolous and gives no indication that a valid claim might in the future be stated.").

Here, the substantive deficiencies are not merely technical. The Complaint reflects a fundamental failure to articulate any specific wrongdoing by Gross, and there is no basis to believe that amendment would produce a viable claim. Gross is alleged to have been a subordinate attorney at a firm where the principal attorney, Quainton, is identified as the source of virtually every specific act described in the Complaint. The Complaint is structured as a vehicle to impose collective liability on all attorneys at the firm without any individualized factual basis for doing so. Dismissal with prejudice is therefore appropriate.

Moreover, the Plaintiff's Complaint is obviously nothing more than regurgitated AI generated slop, produced without such Olympian laziness that he did not include any facts in the prompt nor did he even stir himself to format it properly. Accordingly, he should not be given leave to amend, for we can only expect more of the same.

**CONCLUSION**

For the foregoing reasons, Defendant Jonathan S. Gross respectfully requests that this Court dismiss the Complaint in its entirety as against him, with prejudice, and without leave to amend, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Dated: New York, New York

June 3, 2026

Respectfully submitted,

/s/ Jonathan Gross
Jonathan S. Gross
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com
Pro se defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated above, a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was served via the Court's CM/ECF system upon all parties and counsel of record in this action.

/s/ Jonathan S. Gross

Defendant's above-motion to dismiss is DENIED without prejudice to its refiling.  Pursuant to the Court's Individual Rules of Practice in Civil Cases, Defendant must first submit a pre-motion letter and request a pre-motion conference for his anticipated motion to dismiss.

The Clerk of Court is directed to terminate the pending motion at docket entry 12.

Dated:      June 4, 2026           SO ORDERED.
            New York, New York

                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE