June 21, 2026

Via ECF
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re: Teman v. Quainton et al., Case No. 1:26-cv-3083-KPF

Dear Judge Failla:

I am pro se Defendant Jonathan S. Gross. I write respectfully to request leave to file a motion to dismiss the Complaint in the above-captioned action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, to request that the Court dismiss the action sua sponte under Federal Rule of Civil Procedure 12(h)(3). I further submit that, under the circumstances described below, the Court's pre-motion conference requirement does not apply—and indeed may not constitutionally apply—to this motion.

## BACKGROUND

On April 15, 2026, Plaintiff Ari Teman filed the Complaint asserting diversity jurisdiction under 28 U.S.C. § 1332. On June 3, 2026, I filed a motion to dismiss, which the Court denied without prejudice on June 4, 2026 (Dkt. 13) because I had not first submitted a pre-motion letter and requested a conference under the Court's Individual Rules of Practice. I complied with that order, spoke with Plaintiff on June 12, 2026, and filed my pre-motion letter on June 12, 2026 (Dkt. 14). I advised Plaintiff of the jurisdictional deficiency. Plaintiff advised me that he intended to file an amended complaint, and the parties agreed to a schedule providing that Plaintiff would file an amended complaint by June 19, 2026.

The deadline of June 19, 2026 has now passed. Plaintiff has not filed an amended complaint. Accordingly, the original Complaint—defective on jurisdictional grounds—remains the operative pleading. I now respectfully renew my request for leave to move to dismiss, and attach the proposed Motion as Exhibit A hereto.

## THE PRE-MOTION CONFERENCE REQUIREMENT DOES NOT APPLY

Federal Rule of Civil Procedure 12(h)(3) provides without qualification that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Subject-matter jurisdiction is not a defense that can be waived, conferred by consent, or subjected to procedural gatekeeping. It goes to the fundamental constitutional power of the Court to hear the case at all. A court that lacks jurisdiction has no authority to proceed—including no authority to hold a conference about whether to dismiss.

While the Court's Individual Rules serve the important goal of avoiding unnecessary motion practice, those local procedures cannot override a federal court's mandatory, non-

waivable obligation to determine its own jurisdiction. To require a pre-motion conference before a defendant may raise a Rule 12(b)(1) motion would be to require procedural compliance as a precondition to the Court performing its constitutional function.

Notwithstanding the foregoing, I note that I have already fully complied with the spirit of the Court's pre-motion conference procedure: I filed a pre-motion letter (Dkt. 14), conferred with Plaintiff, and provided him notice of the jurisdictional deficiency and an opportunity to cure it. He failed to do so by the agreed deadline. There is nothing further a pre-motion conference would accomplish, and requiring one would only delay the Court's discharge of its mandatory duty under Rule 12(h)(3).

## THE JURISDICTIONAL DEFICIENCY IS PLAIN AND INCURABLE

The Complaint invokes diversity jurisdiction under 28 U.S.C. § 1332 but pleads not a single fact about Plaintiff's domicile. It identifies Plaintiff only as "an individual" (Compl. ¶ 7). The public record of this Court conclusively establishes that Plaintiff is a United States citizen currently residing in Israel with the stated intention to remain there indefinitely. A U.S. citizen domiciled abroad is "stateless" for purposes of § 1332 and cannot invoke diversity jurisdiction. The full argument is set forth in the attached Exhibit A.

The Complaint is also deficient on its face because it fails to include Plaintiff's address, as required by Federal Rule of Civil Procedure 11(a), which mandates that a pro se litigant's pleading "state the signer's address." The pleading itself is non-compliant on its face and should have been rejected by the clerk.

## RELIEF REQUESTED

For the foregoing reasons, Defendant Jonathan S. Gross respectfully requests that the Court: Grant leave to file, and deem filed, the Motion to Dismiss attached hereto as Exhibit A, without requiring a further pre-motion conference; or in the alternative, dismiss the action sua sponte under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

I thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Jonathan S. Gross
Jonathan S. Gross
2833 Smith Ave, Suite 331
Baltimore, MD 21209
(443) 813-0141
jonathansgross@gmail.com
Pro se Defendant

cc: Ari Teman (via ECF/email)

The Court has received Defendant Jonathan Gross's above-request to file a motion to dismiss as well as Defendant Sarah Spitalnick's request to join Mr. Gross's motion (Dkt. #16). Pursuant to the Court's Individual Rules of Practice in Civil Cases, the parties are ORDERED to appear for a pre-motion conference to discuss Defendants' anticipated motion to dismiss.  The initial pre-trial conference scheduled for **July 23, 2026,** at **11:30 a.m.,** is hereby converted to a pre-motion conference to address the issues raised by the parties.  As before, the conference will be telephonic.  The dial-in information is as follows:  At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The Clerk of Court is directed to terminate the pending motions at docket entries 14, 16, and 17.  The Clerk of Court is further directed to mail a copy of this endorsement to the parties at their addresses of record.

Dated:     June 24, 2026            SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE